IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEN GOODEN                              :        CIVIL ACTION

    v.                                  :

BRIAN THOMPSON, et al.                  :        NO. 15-2176

### REPORT AND RECOMMENDATION

THOMAS J. RUETER                                 October 8, 2015
United States Magistrate Judge

        Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons stated below, the court recommends that the petition be dismissed.

### I.    BACKGROUND

        Petitioner pled guilty to retail theft in the Court of Common Pleas of Philadelphia County, Pennsylvania (No. CP-51-CR-8359-2007).  Because of petitioner's lengthy criminal history, the court imposed a sentence of six to twenty-three months incarceration followed by a year of probation.  Petitioner violated his probation several times and the state court re-sentenced him as a result of these violations.  Petitioner filed no appeal to the state appellate court.  He states that he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., but he alleges the PCRA court never ruled on the petition, and thus he never filed an appeal to the state appellate courts.  See Petition ¶ 11.[1]  On

---

[1] A review of the state court docket for No. CP-51-CR-8359-2007, reveals that petitioner filed two motions in the Court of Common Pleas of Philadelphia County after his resentencing:  (1) Motion for Credit for Time Served filed on January 28, 2014; and (2) Miscellaneous Motion filed on October 28, 2014.  The trial court did not rule on either of these motions, and the docket does not reflect that petitioner made any attempt to present these motions to the appellate court.  The status of this case is reported as "closed."  See

April 23, 2015, petitioner filed a pro se petition for a writ of habeas corpus (Doc. 1). He alleges one ground for relief: the Pennsylvania prison system should not have confined him in a state correctional facility on a "county sentence," and/or that prison officials erred in calculating his credit for time served. See Petition ¶ 12. On September 29, 2015, the District Attorney for Philadelphia County responded to the petition and argued that the petition should be dismissed because petitioner did not exhaust his state court remedies, and since he has been released from custody, his claims are now moot (Doc. 12).

II.     **DISCUSSION**

   A.     **Exhaustion**

The exhaustion doctrine requires that the prisoner present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[2] "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992).

---

https:\ujsportal.pacourts.us\DocketSheets\CP.aspx (visited October 7, 2015).

   [2]   On May 9, 2000, the Supreme Court of Pennsylvania issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this order and no longer requires that a petition for allocatur be filed in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

Generally, a federal district court must dismiss entirely unexhausted habeas corpus petitions. Rose v. Lundy, 455 U.S. 509, 522 (1982). Here, petitioner has not presented his claims to the state appellate courts. See Petition ¶¶ 8-12. As noted supra n.1, petitioner filed two motions in the state court after his resentencing. The motions were not ruled on and the docket does not reflect that petitioner took steps to present these motions to the appellate courts. It does not appear that the state court is considering these motions as the status of petitioner's state court case is marked "closed." This court has not seen the contents of these motions. Petitioner's habeas claim is not exhausted. Accordingly, his habeas petition must be dismissed.

B.     **Mootness**

In their Response, the Commonwealth argues that the habeas petition should be dismissed because it is now moot. The Respondents note that petitioner alleges "that he was being held unjustly in confinement, not because of his original theft conviction in October 2007 (which petitioner does not challenge in any respect), but because, following a violation of probation (VOP) hearing on October 4, 2013, the state prison system supposedly erred in confining him in the incorrect facility and failing to give him adequate credit for time served." (Response at 3.) The Commonwealth reports that petitioner now has finished serving his sentence and has been released from custody. As a result, "petitioner is no longer in custody and no longer suffering any identifiable collateral consequences of his probation violation," and his petition now is moot. Id.

Under Article III, Section 2 of the United States Constitution, federal courts can consider only ongoing cases or controversies. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002). This case-or-controversy requirement applies through all stages of the judicial

3

proceedings, which "means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quotation omitted). Even if a case "was live when filed and may have become moot only during the pendency of this appeal, Article III requires that an actual controversy exist through all stages of litigation." Kissinger, 309 F.3d at 180.

When a habeas petitioner attacks his underlying conviction, and is released while his habeas petition is pending, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer, 523 U.S. at 8. However, when a petitioner does not challenge his conviction, the injury requirement is not presumed. Kissinger, 309 F.3d at 181. Once petitioner was unconditionally released from incarceration, he can satisfy the case-and-controversy requirement only by proving that he suffers a continuing injury from the collateral consequences resulting from the calculation of his sentence and the location of his confinement. Spencer, 523 U.S. at 7. Therefore, in the absence of continuing collateral consequences, this court does not have jurisdiction to review a moot claim. See In re Continental Airlines, 91 F.3d 553, 571 (3d Cir. 1996) (*en banc*) ("Whether a case is moot in the Article III sense is, of course, a jurisdictional question."), cert. denied, 519 U.S. 1057 (1997).

In the instant case, petitioner is challenging only the sentence imposed for his violation of probation rather than his underlying conviction. He has been released from custody stemming from his violation of probation. Petitioner neither has alleged, nor can this court detect, any continuing collateral consequences resulting from petitioner's violation of probation

claim that can be redressed by a favorable judicial decision in this federal habeas corpus proceeding. Therefore, this court should dismiss the petition for a writ of habeas corpus as moot. See Lane v. Williams, 455 U.S. 624, 631, 633 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; - - - [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ... no live controversy remains.).

### III.    CONCLUSION

AND NOW, this 8th day of October, 2015, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** for lack of jurisdiction and failure to exhaust state court remedies, and that no certificate of appealability ("COA") be granted.[3]

The parties may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[3] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEN GOODEN                         :         CIVIL ACTION

   v.                              :

BRIAN THOMPSON, et al.             :         NO. 15-2176

### ORDER

AND NOW, this       day of              , 2015, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

### ORDERED

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DISMISSED**; and

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JUAN R. SANCHEZ,            J.